IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

01 JAN -8 PM 3: 45

CLERK-SANTA FE

FOREST GUARDIANS, a non-profit
Organization; T and E, Inc., a non-profit
organization,

**Plaintiffs,**

vs.

No. CIV 98-1035 MV/WWD

BUREAU OF LAND MANAGEMENT,
an Agency of the United States Department
of the Interior,

**Defendant,**

IRVIN AND PATRICIA PABLO, IRENE
ARROSSA, THG CORPORATION, and
FNP PROPERTIES, L.L.C. A New Mexico
limited liability company,

**Defendants-in-Intervention.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' and Defendant's (third ) Joint Motion to

Dismiss **[Doc. No. 141]**, filed August 25, 2000. On December 8, 2000, the Court of Appeals for

the Tenth Circuit filed its Order directing the Court to hear and decide the (third) Joint Motion to

Dismiss filed by Plaintiffs and the Defendant within thirty days from the date of that Order.

Plaintiffs and Defendant filed their Joint Motion to Dismiss pursuant to Fed.R.Civ.P. 12(h)(3),

contending the case is moot. Defendant-intervenor FNP Properties and proposed Defendant-

intervenor Buddy Major oppose the motion. Plaintiffs and Defendant were unable to contact

Defendant-intervenors Irvin and Patricia Pablo, Irene Arrossa, and THG Corporation. However,

as Plaintiffs and Defendant note, Defendant-intervenors Pablo, Arrossa, and THG Corporation

*151*

did not oppose Plaintiffs' and Defendant's Second Joint Motion to Dismiss. Having reviewed the motion, the memoranda in support and in opposition, the relevant law, and being fully apprized of the circumstances, the Court finds that the motion is well taken and will be granted.

## I. Background

On November 8, 1999, Plaintiffs and Defendant filed their first Joint Motion to Dismiss and Memorandum in Support. In their motion, Plaintiffs and Defendant moved the Court to dismiss on the grounds they had reached a Settlement Agreement that resolved all issues raised by Plaintiffs' Complaint for Declaratory and Injunctive Relief. All Intervenors opposed the motion. The Intervenors argued for dismissal of the case with prejudice without incorporation of the Settlement Agreement. The Intervenors claimed the issues presented by Plaintiffs' Complaint were moot since the Defendant Bureau of Land Management (BLM) had issued final environmental assessments for each of the allotments held by Intervenors.

On December 20, 1999, Plaintiffs and Defendant filed a Notice of Withdrawal of First Joint Motion to Dismiss and filed their second Joint Motion to Dismiss. In their second motion, Plaintiffs and Defendant claimed the Proposed Settlement Agreement did not include any terms and conditions concerning the grazing authorizations for any of the allotments that Intervenors claimed an interest in, and thus Intervenors were not harmed, prejudiced, or unfairly affected by the terms of the Proposed Settlement Agreement. The Proposed Settlement Agreement primarily affected the Techado Mesa allotment.

Intervenors Irvin and Patricia Pablo, Irene Arrossa and THG Corporation did not oppose the second Motion to Dismiss. However, Intervenor FNF did oppose the motion, claiming the Second Proposed Settlement Agreement would be prejudicial to it and the owners of the Techado

2

Mesa allotment.[1]  The Techado Mesa allotment was the only remaining allotment for which

Defendant BLM had not yet completed an environmental analysis or issued a final decision.

On August 25, 2000, Plaintiffs and Defendant filed their Notice of Withdrawal of

(second) Joint Motion to Dismiss.  The parties withdrew the second pending motion to dismiss

because, with the passage of time, Defendant  BLM had completed the only outstanding

environmental analysis addressed by the Proposed Settlement Agreement between Plaintiffs and

Defendant.  On the same day, Plaintiffs and Defendant filed their third Joint Motion to Dismiss.

In their third Joint Motion to Dismiss, Plaintiffs and Defendant move the Court to dismiss

the action as moot.  As grounds for their motion, Plaintiffs and Defendant contend that, on June

29, 2000, BLM issued the last outstanding final grazing decision on the Techado Mesa allotment.

Thus, final decisions on all allotments encompassed by Plaintiffs' Complaint are complete.

Plaintiffs and Defendant contend there exists no live controversy between the parties and

therefore the Court lacks jurisdiction.

On September 7, 2000, Intervenor FNF filed its Motion to Strike Third Joint Motion to

Dismiss.  In support of its motion, FNF claimed the Third Joint Motion to Dismiss violated the

Court's November 17, 1999 Order that "all proceedings except those involving settlement" were

---

[1]  On February 18, 2000, M.S. Major,  Jr., owner of the Major Land & Cattle Company,
filed his Motion to Intervene.  Mr. Major also holds the federal grazing permit for Techado Mesa
Allotment.  In his motion, Mr. Major claimed the Proposed Settlement Agreement would
adversely affect him and requested the Court grant him intervention in this matter as of right or
alternatively grant him permissive intervention and allow him to state his position on the
Proposed Settlement Agreement.  Plaintiffs and Defendant opposed Mr. Major's motion to
intervene as untimely.

stayed.[2] FNF further argued that, even if the underlying action was moot, there still existed a live controversy to be decided as to FNF's right to intervene in this action.[3]

On September 11, 2000, FNF filed its Response in Opposition to Third Joint Motion to Dismiss. In its response, FNF requested the Court not dismiss the case or in the alternative defer a decision until the Court of Appeals for the Tenth Circuit ruled on its appeal. FNF argued the following: (1) it would lose its right to appeal; (2) lose its ability to file counterclaims and cross-claims if the appeal were successful; and (3) dismissal would prevent resolution of its appeal regarding the right of third parties to intervene in NEPA and other environmental compliance action.

## II. Discussion

The mootness doctrine derives from Article III's requirement that federal courts decide only actual cases between litigants. *United States v. Dominguez-Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other grounds*, *United States v. Meyers*, 200 F.3d 715, 722 n.3 (10th Cir. 2000). A case becomes moot when events occur which resolve the controversy underlying it. *Id.* In such a situation, a federal court decision provides no resolution between the parties to the lawsuit and therefore, constitutes a constitutionally impermissible advisory opinion. *Id.* A federal court has no power to give opinions upon moot questions or declare principles of

---

[2] On August 18, 1999, FNF filed a Motion to Stay all proceedings pending appeal except for settlement negotiations. The Court granted the motion in part on November 17, 1999.

[3] On January 20, 1999, the Court entered an Order finding that the Intervenors, including FNF, could not intervene as of right pursuant to Fed.R.Civ.P. 24 in the compliance phase of the case but granted intervention as of right at the remedial phase. On April 23, 1999, FNF filed a Motion to Certify Interlocutory Appeal of the January 20, 1999 Order. The Court entered its Order granting the motion on July 8, 1999.

law which cannot affect the matter in issue in the case before it. *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997). An exception to the mootness doctrine arises in cases which are capable of repetition, yet evading review. *Id.* at 729.

First, this Court must address the issuance of a stay in this case. On November 17, 1999, this Court stayed the proceedings pending appeal in the Tenth Circuit except for settlement negotiations. FNF argues that this Court should not decide the Joint Motion to Dismiss because to do so would be contrary to this Court's stay order. However, this Court, pursuant to the Tenth Circuit's directive to decide the Joint Motion to Dismiss, *sua sponte* lifts the stay and decides the Joint Motion to Dismiss.

In this case, Defendant BLM has completed the NEPA analysis requested by the Plaintiffs in their Complaint. Plaintiffs and Defendant contend that all claims raised by the Complaint are now moot. The Court agrees. Plaintiffs challenged the lack of a NEPA analysis for specific allotments. The BLM has performed a NEPA analysis and issued a final decision for each allotment. Therefore, there is no longer a live controversy between plaintiffs and defendant. FNF requests that this Court keep this case alive so that the Tenth Circuit may decide the issue of their right to intervene. However, without the foundation of the dispute between plaintiffs and defendants still alive, FNF merely seeks that this Court and the Tenth Circuit render a legal, advisory opinion. This is an improper reason to keep this case active. *See Southern Utah Wilderness Alliance*, 110 F.3d at 730 (holding that environmental organizations suit for declaratory and injunctive relief based on defendants failure to consult with Fish and Wildlife Service became moot after the consultation occurred).

The Court also finds that no exception to the mootness doctrine arises in this case. The

5

issue of intervention in this NEPA action does not fit the "capable of repetition, yet evading review" exception as FNF contends. FNF's concerns as against Forest Guardians can be reviewed in a separate action to address its claims that Plaintiffs improperly included FNF in this action. FNF's concerns as against BLM can likewise be reviewed in a separate action against BLM for allegedly improperly delaying the issuance of FNF's permit. There is no justification for holding the underlying controversy between Forest Guardians and BLM alive, when there is simply nothing between them left to consider. Accordingly, the Court will grant Plaintiffs' and Defendant's (third) Joint Motion to Dismiss.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiffs' and Defendant's (third) Joint Motion to Dismiss **[Doc. No. 141]**, filed August 25, 2000, is **granted.** This action is dismissed with prejudice.

Dated this 8th day of January, 2001.


**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**


Counsel for Plaintiffs
Claybourne Clarke, Esq.

Counsel for Defendant
John W. Zavitz, Esq.

Counsel for Intervenors Pablo, Arrossa, and THG Corp.
James R. Scarantino, Esq.

Counsel for Intervenors FNF Properties, Inc.
Timothy J. DeYoung, Esq.
Maria O' Brien

6